IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3083-M-RJ

| | | |
|---|---|---|
| DANIEL ISAIAH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HUNTER PIKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. (Compl. [D.E. 1]). This matter is before the court on its own initiative for reconsideration of its April 24, 2023, order allowing plaintiff to proceed without prepayment of fees. Also before the court is plaintiff's motion requesting the court to issue summons [D.E. 12].

The court first addresses plaintiff's motion requesting the court to issue summons. Such a request is premature where this action has yet to proceed past initial review. See 28 U.S.C. § 1915A(a). Should this matter proceed past initial review, the court will then order issuance of summons.

The court next addresses its April 24, 2023, order allowing plaintiff to proceed without prepayment of fees. The three-strikes provision of the Prison Litigation Reform Act ("PLRA") precludes a prisoner from proceeding without prepayment of fees if the prisoner has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 406–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

Prior to filing the instant complaint, plaintiff has filed at least three actions that a federal court has dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. See Thomas v. Simmons, No. 5:21-CT-3128-D (E.D.N.C. Oct. 8, 2021) (dismissed for failure to state a claim); Thomas v. Mack, No. 5:20-CT-3129-D (E.D.N.C. Nov. 18, 2020) (dismiss as frivolous); Thomas v. N.C. Dep't Pub. Safety, No. 5:19-CT-3005-FL (dismissed for failure to state a claim).

The imminent danger "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see also Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010). Vague, speculative, or conclusory allegations are insufficient to invoke this exception; rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050.

While housed in Johnston Correctional Institution, plaintiff alleged he was assaulted by a fellow inmate who threatened to kill plaintiff during a future attack. (Compl. [D.E. 4] at 6). However, such an allegation does not establish imminent danger where plaintiff has since been transferred to Harnett Correctional Institution. (Id.). Plaintiff makes no other allegations of imminent danger.

## CONCLUSION

Based on the foregoing, plaintiff's motion requesting the court to issue summons [D.E. 12] is DENIED. The court VACATES the April 24, 2023, order allowing plaintiff to proceed without

2

prepayment of fees. Plaintiff is DIRECTED to pay the $402.00 filing fee within **30 days** of entry of this order. See Local Civ. R. 3.2. The filing fee can be paid by remitting payment to the Clerk, U.S. District Court, P.O. Box 25670, Raleigh, NC 27611. In the event plaintiff fails to pay the filing fee by the deadline set forth above, the clerk is DIRECTED, without further order of the court, to terminate any pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute.

SO ORDERED, this the 28th day of March, 2024.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

3